# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.H.**

**No. 16-0525** (Ohio County 15-CJA-114)

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father S.H., by counsel Peter P. Kurelac III, appeals the Circuit Court of Ohio County's May 2, 2016, order terminating his parental rights to five-year-old J.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period and terminating his parental rights to the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed an abuse and neglect petition against petitioner and the mother alleging that they engaged in domestic violence in the child's presence and that the mother abused drugs. The petition contained additional allegations that petitioner, the mother, and the child were involved in a previous abuse and neglect proceeding based upon the same issues of substance abuse and domestic violence. Petitioner was incarcerated at some point during the previous abuse and neglect proceeding. According to the record, petitioner was incarcerated for distribution of controlled substances sometime after the initiation of the first abuse and neglect proceeding and remained incarcerated through the dispositional hearing in the instant case. The mother successfully completed an improvement period and she was reunified with the child. The child was removed from the home and placed with his maternal grandmother.

In March of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations as contained in the petition. Based upon petitioner's stipulation, the circuit court found that petitioner abused the child. The circuit court noted that petitioner "knows

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

his circumstances have not changed since the last petition." Subsequently, petitioner moved for a post-adjudicatory improvement period.

In April of 2016, the circuit court held a dispositional hearing and addressed petitioner's motion for a post-adjudicatory improvement period. Petitioner testified that he completed domestic violence and crime victim awareness programs and parenting classes while incarcerated. He also testified that he was due to be released from incarceration to a halfway house in July of 2016. Petitioner blamed the mother for their history of domestic violence and downplayed his role in the domestic violence, claiming that he "never hit a girl." Petitioner admitted to sending the mother "romantic" letters while incarcerated, despite the fact that they both informed the DHHR that they were no longer romantically involved with each other. A DHHR worker testified that petitioner has an extensive criminal history, including multiple convictions for drug offenses and domestic violence offenses against the mother. By order entered May 2, 2016, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and found that an improvement period was not likely to remedy petitioner's parenting deficiencies. The circuit court also found that petitioner failed to prove that he would participate in or complete an improvement period. The circuit court noted that petitioner has only seen the child three times since August of 2014. The circuit court also found there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that it was in the child's best interest to terminate petitioner's parental rights. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

To begin, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. In support of his argument, petitioner asserts that his motion for a post-adjudicatory improvement period was denied because he was incarcerated. Petitioner also asserts that he had an "anticipated release date" and completed various programs while incarcerated. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. We have held that the decision to grant or

deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to demonstrate his ability to fully participate in an improvement period. Petitioner has an extensive history of domestic violence, incarceration, and substance abuse. The circuit court was presented with evidence that petitioner failed to correct the conditions that led to the filing of second abuse and neglect petition, blamed the mother for their history of domestic violence, and downplayed his role in the domestic violence filing of the previous petition. Petitioner's own admission that his circumstances had not changed since the previous petition's filing supports the circuit court's finding that he was unlikely to fully participate in an improvement period. It is clear from the record that petitioner failed to accept responsibility for his actions and their impact on the child and moderated his role in exposing the child to domestic violence, among other abuses. "Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.,* 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As such, it is clear that petitioner failed to establish that he was likely to fully participate in a post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion.

Petitioner's second assignment of error is that the circuit court erroneously terminated his parental rights based solely on his incarceration at the time of the dispositional hearing. Pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Further, we have explained that incarceration may support the termination of parental rights based on the analysis of a series of factors. *See In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (holding that "[a]lthough we have not adopted a *per se* rule regarding the impact incarceration has on a termination of parental rights decision, we have likewise not said that the facts surrounding a parent's incarceration may never form the basis for terminating parental rights."). With regard to incarceration, we have held that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Id*. at 91, 717 S.E.2d at 875, Syl. Pt. 3.

In the present case, the circuit court was clearly free to consider petitioner's incarceration as a basis for the termination of petitioner's parental rights. The circuit court based its ruling on petitioner's incarceration and additional factors. In this case, prior to his termination, petitioner had only seen the child three times in twenty-three months. Petitioner had a long history of drug and domestic violence convictions and substance abuse, none of which had been remedied since the filing of the previous petition. Notably, petitioner's own admissions confirm his inability to correct the conditions of abuse and neglect that led to the current petition's filing. Given the circumstances presented, there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future. Furthermore, the child required stability and permanency. The circuit court also found that termination of his parental rights was necessary for the child's well-being. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, the circuit court's May 2, 2016, order terminating petitioner's parental rights to the children is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4